IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

DENISE MICHELLE BYRD,                          Case No.: 3:14-cv-242

      Plaintiff,

vs.

COMMISSIONER                                   Magistrate Judge Michael J. Newman
OF SOCIAL SECURITY,                            (Consent Case)

      Defendant.

---

**ORDER[1] (1) APPROVING THE PARTIES' JOINT STIPULATION
FOR EAJA FEES (DOC. 16) UNDER 28 U.S.C. § 2412; (2) DENYING PLAINTIFF'S
MOTION FOR EAJA FEES (DOC. 14) AS MOOT; AND (3) GRANTING PLAINTIFF
EAJA FEES IN THE AMOUNT OF $4,700.00**

---

This Social Security disability benefits appeal is before the Court on Plaintiff's motion for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d) (doc. 14), and the parties' subsequently filed joint stipulation agreeing that Plaintiff be awarded EAJA fees in the amount of $4,700.00. Doc. 16. The Court has carefully reviewed these documents and they are now ripe for consideration.

EAJA provides for an award of attorney's fees to a party who prevails in a civil action against the United States "when the position taken by the Government is not substantially justified and no special circumstances exist warranting a denial of fees." *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 445 (6th Cir. 2009) (citing 28 U.S.C. § 2412(d)(1)(A)). A party who prevails and obtains a Sentence Four remand is a prevailing party for EAJA purposes. *See*

---

[1] The parties unanimously consented to the jurisdiction of the Magistrate Judge. Doc. 4.

*Shalala v. Schaefer*, 509 U.S. 292, 301-02 (1993).  EAJA fees are payable to the litigant.  *Astrue v. Ratliff*, 586 U.S. 586, 589 (2010).

The Court found the ALJ's non-disability finding -- that Plaintiff was not disabled prior to July 23, 2013 -- unsupported by substantial evidence, and remanded this case to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for further proceedings.  Doc. 12.  Accordingly, Plaintiff is the prevailing party in this case for EAJA purposes and, therefore, is entitled to an award of attorney's fees under EAJA.  *See Shalala*, 509 U.S. at 301-02.  Having considered the nature of the work counsel performed in this case, the Court finds the stipulated fee reasonable.  Accordingly, Plaintiff is entitled to an EAJA fee award in the stipulated amount of $4,700.00.

Accordingly, based on the foregoing, the Court: (1) **APPROVES** the parties' joint stipulation for an EAJA fee award (doc. 16); (2) **DENIES** Plaintiff's motion for an EAJA fee award (doc. 14) as **MOOT**; and (3) **GRANTS** Plaintiff EAJA fees in the amount of $4,700.00. As no further matters remain pending for review, this case remains **TERMINATED** upon the Court's docket.

**IT IS SO ORDERED.**

Date:   September 30, 2015                    s/ Michael J. Newman
                                              Michael J. Newman
                                              United States Magistrate Judge